IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                 **Case No. 10-40119-01-RDR**

CHAMLA BROWN,

        Defendant.

## **O R D E R**

On July 8, 2011, the court sentenced the defendant. The purpose of this order is to memorialize the rulings made by the court at that hearing.

The defendant entered a guilty plea to embezzling in excess of $5,000 from a program, the East Topeka Senior Center, that had received in excess of $10,000 in federal funds in violation of 18 U.S.C. § 666(a)(1)(A). Following the preparation of the presentence report, neither the government nor the defendant filed any objections.

The defendant has filed a sentencing memorandum. In it, she requests a sentencing variance to probation. She further suggests that, if the court deems confinement necessary, then the court should sentence her to home detention as a condition of probation. She also objects to the restitution amount. She asserts that the amount attributed to the organization's credit card, which is $2,021.07, should not be included in the restitution amount.

Finally, she requests that the court waive the requirement that she pay interest on the restitution because of her financial situation.

The government has also filed a sentencing memorandum. The government contends that a sentence of incarceration pursuant to the applicable guidelines is appropriate here. The government further notes that the amount of restitution noted in the presentence report has been adequately demonstrated.

The defendant's criminal history category is I and her total offense level is 10. The guideline range is 6 to 12 months.

The court determines that the appropriate sentence for this case is three years probation with a six-month term of home detention as a condition of probation. The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public. In reaching this decision, the court notes that the defendant has no adult or juvenile criminal convictions. She is currently employed with a salary that would allow her to make restitution payments. As recognized by the government, the embezzlement in this case caused severe financial problems for the East Topeka Senior Center. A sentence of probation would allow the defendant to continue her employment and ease the burden on the East Topeka Senior Center by making consistent restitution payments. Further, the court believes that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with

the aforementioned sentencing purposes in light of all of the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant. Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to the victim of this offense.

The court further finds that the probation office has correctly calculated the amount of restitution in this case. The court shall waive interest on the amount of restitution due to the defendant's financial condition. The court will allow the probation office to determine the appropriate amount of restitution to be paid by the defendant on a monthly basis.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge